XIU LAN LIN

v.

HOLDER, A077 308 988

Li Xin Lin

v.

Holder, A070 908 317

Zhou Lin Ni

v.

Holder, A076 101 338

Jing Ling Liu

v.

Holder, A077 341 431

Jian X. Huang

v.

Holder, A070 903 598

Xu Chan Lin

v.

Holder, A078 016 200

**De Mei Chen–Zhen**

v.

**Holder, A079 741 497.**

**Docket Nos. 10–23 (L), 10–2069(Con), 10–534, 10–1018, 10–1326, 10–2421(L), 10–4722(Con), 10–3123, 11–2000.**

United States Court of Appeals, Second Circuit.

Aug. 15, 2012.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

Theodore N. Cox, Law Office of Theodore N. Cox, New York, NY, for Xiu Lan Lin.

Paul F. Stone, Oil Oil, United States Department of Justice, Washington, DC, for Holder.

### SUMMARY ORDER

Each of these petitions challenges a decision of the BIA either affirming a decision of an Immigration Judge ("IJ") denying a motion to reopen or denying a motion to reopen or reconsider in the first instance. The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 168–69 (2d Cir.2008); *see also Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir. 2006).

Petitioners, all natives and citizens of China, filed motions to reopen or reconsider based on their claims that they fear persecution because they have had one or more children in the United States, which they contend is in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao,* 546 F.3d 138, we find no error in the agency's decisions. *See id.* at 158–72.

In *Xiu Lan Lin v. Holder,* Nos. 10–23(L), 10–2069(Con), and *Zhou Lin Ni v. Holder,* No. 10–1018, the BIA did not err in declining to credit individualized and unauthenticated evidence in light of underlying adverse credibility determinations. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir.2007). In *De Mei Chen–Zhen v. Holder,* No. 11–2000, although the BIA erred in stating that the IJ had found petitioner not credible in his underlying proceedings in 2003 and declining to credit the authenticity of his evidence on that basis, remand would be futile because the BIA's alternative bases for finding petitioner's evidence insufficient to warrant reopening were not in error. *See Shunfu Li v. Mukasey,* 529 F.3d 141, 150 (2d Cir.2008) (finding that remand is futile when the Court can confidently "predict that the agency would reach the same decision absent the errors that were made" (internal quotation marks and citations omitted)); *see also Jian Hui Shao,* 546 F.3d at 158–72.

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).